**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

PETER ALVAREZ; RAMONA
MENDOZA, as Individuals and
representatives of a class of persons
similarly situated; RAMONA
MENDOZA; ELENA RIVERA, by
guardian Viola Rivera; VIOLA RIVERA;
OSMAR VAZQUEZ, by guardian Sandra
Vazquez by guardian Agustin Vazquez;
SANDRA VAZQUEZ, as individuals and
representatives of a class of persons
similarly situated; AGUSTIN VAZQUEZ,
as individuals and represenatives of a class
of persons similarly situated; JACOB
SIMMS, medical power of attorney by
guardian Joseph Simms by guardian
Pamela Simms; JOSEPH SIMMS, as
individuals and representatives of a class
of persons similarly situated; PAMELA
SIMMS, as individuals and representatives
of a class of persons similarly situated;
EMILY ROWLEY, by guardian Shelly
Sirrine; LAURA LILLO, by guardian
Barbara Lillo; BARBARA LILLO, as
individuals and representatives of a class
of persons similarly situated; KATRINA
WALSH; ADRIAN VILLANUEVA, by
guardian Michelle Villanueva;
MICHELLE VILLANUEVA, as

</td>
<td>

No. 12-16425

D.C. No. 4:09-cv-00558-AWT

MEMORANDUM[*]

</td>
</tr>
</table>

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

individuals and representatives of a class of persons similarly situated; TAMERON CALAMITY, by guardian Lillie Calamity; LILLIE CALAMITY, as individuals and representatives of a class of persons similarly situated; SUSAN WITTEN; DEBORAH WHITMAN; TRUDI NOVAK,

Plaintiffs - Appellees,

v.

THOMAS J. BETLACH, Director of the Arizona Health Care Cost Containment System; ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM ADMINISTRATION,

Defendants - Appellants.

Appeal from the United States District Court
for the District of Arizona
A. Wallace TASHIMA, Senior Circuit Judge, Presiding

Argued and Submitted February 11, 2014
San Francisco, California

Before: REINHARDT and THOMAS, Circuit Judges, and SESSIONS, District Judge.[**]

---

[**] The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

In this § 1983 suit, a group of Medicaid-eligible Arizonans, each of them incontinent of bowel and bladder, alleges that the Arizona Health Care Cost Containment System Administration ("AHCCCS") violates federal law by refusing to cover incontinence briefs prescribed to adults for preventative purposes rather than as treatment for skin breakdowns. Circuit Judge Tashima, sitting as a district judge, ruled for the plaintiffs on cross-motions for judgment on the pleadings. We affirm, but reverse the award of retroactive monetary damages.

**1.** Federal law requires that "[a] State plan for medical assistance must . . . provide . . . for making medical assistance available . . . to all [eligible] individuals."[1]   42 U.S.C. § 1396a(a)(10). This provision, as well as 42 U.S.C. § 1396a(a)(17) and 42 C.F.R. § 440.230(d), prohibits states from denying coverage of "medically necessary" services that fall under a category covered in their Medicaid plans. *See Beal v. Doe*, 432 U.S. 438, 444 (1977). AHCCCS covers "nursing facility services," *see* 42 U.S.C.A. § 1396a(a)(10)(D), which, in turn, means that it must cover "home health services," *see* 42 U.S.C. § 1396d(a)(7). Those services include "[m]edical supplies . . . suitable for use in the home," 42

---

1. On appeal, the defendants argue for the first time that certain plaintiffs must be dismissed from the case on grounds of *res judicata*. We deem this argument waived and, in any event, reject it on the merits because there is no general requirement that a plaintiff exhaust state administrative or judicial remedies before pursuing a claim under 42 U.S.C. § 1983.

C.F.R. § 440.70(b)(3), and AHCCCS concedes that incontinence briefs are covered by that regulation, A.A.C. § R9-22-212(A). AHCCCS therefore may not refuse to cover incontinence briefs that are medically necessary.

AHCCCS deems a covered service medically necessary when it is "provided by a physician or other licensed practitioner of the healing arts within the scope of practice under state law to *prevent* disease, disability, or other adverse health conditions or their progression, or to prolong life." A.A.C. § R9-22-101 (emphasis added). As Judge Tashima held, this definition "belie[s] the defendants' claim" that incontinence briefs prescribed by physicians for preventative purposes are not medically necessary. Once a state statutorily defines medical necessity, it is unreasonable for it to refuse to cover services that meet that definition regardless of any purported carve out elsewhere in the code.

Here, there is no need for fact-finding, as AHCCCS does not deny the plaintiffs' allegation that the plaintiffs' briefs were prescribed by physicians for preventative purposes. Nor does *Chevron* deference apply to AHCCCS's refusal to cover incontinence briefs, as the State Plan that AHCCCS submitted to the Centers for Medicaid and Medicare Services ("CMS") for approval included the definition of medical necessity set forth in the A.A.C., but not the carve-out concerning incontinence briefs. To the contrary, the fact that CMS approved the definition of

4

"medical necessity" described above makes it even more unreasonable for AHCCCS to rely on a provision never reviewed by CMS as the basis for its categorical refusal to cover a service that plainly qualifies as "medically necessary" under the state's own statutory definitions.

**2.** The judgment below ordered AHCCCS to "reimburse the plaintiffs for the costs of medically necessary incontinence [briefs] purchased by or for the plaintiffs since AHCC[C]S denied their requests for such coverage." This award of damages is vacated on Eleventh Amendment grounds. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The judgment is in all other respects affirmed.

**AFFIRMED IN PART, VACATED IN PART**

Costs awarded to plaintiffs-appellees.